FILED

2017 MAY 24 PM 2: 56

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD O'REILLY,

      Plaintiff,

vs.                                   Case No.: 3:17-cv-592-J-34JBT

HOME SERVICES BY MCCUE
OF NORTH FLORIDA INC.; and
MITCHELL L. MCCUE, individually
      Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Richard O'Reilly ("Plaintiff" or "Gomez") hereby files this Complaint against Defendants, Home Services By McCue of North Florida Inc.; And Mitchell L. McCue, individually (together the "Defendants" or "McCue") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.* and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 215(a)(3) because this action involves a federal question under the Fair Labor Standards Act.

2. Venue is appropriate here in the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because Defendants conduct business in Jacksonville Beach, Florida and the acts complained of occurred within the Middle District of Florida.

3. **Plaintiff, Richard O'Reilly** is a resident of Duval County, Florida.

4. **Defendant Home Services By McCue of North Florida Inc.** is a Florida Corporation with its principal address located at 981 11th Avenue South Jacksonville Beach, FL

32250

5. McCue provides general contracting services to commercial and residential customers in the Jacksonville area.categories from small tasks to large projects.

6. McCue is a licensed general contractor ( license number: RG291103924).

7. At all times pertinent to this Complaint, McCue was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

8. **Defendant Mitchell L. McCue, is a resident of Duval County, Florida.**

9. Mitchell L. McCue is the Registered General Contractor and owner of Home Services By McCue of North Florida Inc.

10. Mitchell L. McCue hired and fired Plaintiff.

11. Mitchell L. McCue supervised Plaintiff, controlled Plaintiff's schedule and conditions of employment.

12. Mitchell L. McCue determined Plaintiff's rate and method of payment.

13. Mitchell L. McCue was responsible for maintaining Plaintiff's employment records.

14. At all times material hereto, Defendants were Plaintiff's "employer" as defined pursuant to the FLSA (29 U.S.C. § 203(e)(1)).

2

15. All conditions precedent to the filing of this action have been performed.

## FACTUAL BACKGROUND

16. Plaintiff, O'Reilly was hired in October 2016 as a master carpenter.

17. As a master carpenter, O'Reilly was required to perform carpentry work and related manual labor.

18. For his efforts, McCue paid O'Reilly $23.00 per hour.

19. In the performance of his job, O'Reilly was regularly required to work 55+ hours per week.

20. During his employment, O'Reilly regularly worked in excess of forty (40) hours per week without overtime compensation.

21. At all times during his employment McCue employed policies and practices to decrease payroll costs which deprived O'Reilly of his legally entitled overtime compensation.

22. McCue required O'Reilly to perform compensable work without compensation; including but not limited to working before before his shift, working after his shift time and working on weekends.

23. McCue failed to keep or maintain time records for Plaintiff.

24. McCue's policies and practices required/permitted O'Reilly to work significant overtime hours every week and failed to properly compensate O'Reilly for all hours worked in excess of forty (40) during any given workweek.

25. Accordingly, O'Reilly is entitled to payment of overtime compensation for each week in

3

which he worked in excess of forty hours.

## COUNT I
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

26. Plaintiff re-adopts and re-alleges paragraphs one (1) through twenty-five (25) as if fully set forth herein verbatim.

27. Plaintiff is entitled to be paid the proper overtime rate of pay for each and every hour he worked as a master carpenter in excess of forty (40) hours in any given week during the entirety of his employment from October 2016 through April 5, 2017.

28. Defendants failed to pay Plaintiff overtime wages in accordance with the mandatory provisions of the FLSA.

29. Defendants failed and/or refused to accurately track and compensate Plaintiff for all of his overtime hours, including compensable preliminary and postliminary activity.

30. By reason of Defendants intentional, willful and unlawful acts, the Plaintiff has suffered and continues to suffer damages.

31. Due to Defendants' FLSA violations, Plaintiff O'Reilly is entitled to recover from Defendants the unpaid overtime compensation owed, an additional, equal amount as liquidated damages, prejudgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully requests the following relief:

a. That the Court finds Defendants in violation of the FLSA and issue a judgment in Plaintiff's favor;

b. That the Court finds Defendants jointly liable as employers under the FLSA;

c. That the Court find that the Defendants' violations of the FLSA were and are willful and in bad faith;

d. That the Court award the Plaintiff compensation for all previous hours worked in excess of forty (40) hours in any given workweek that he did not receive at least one and one-half times Plaintiff's regular rate of compensation AND liquidated damages of an equal amount to the unpaid overtime compensation; in addition to penalties and interest on said award pursuant to § 216 of the FLSA;

e. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA AND

f. That the Court award any other legal and equitable relief as this Court may deem appropriate as the law allows.

Respectfully filed on May 23, 2017

*/s/ Benjamin L. Williams*
BENJAMIN LEE WILLIAMS, ESQUIRE
Florida Bar 0030657
**WILLIAMS LAW P.A.**
P.O. Box 3237
Ponte Vedra Beach, FL 32004
(t) (904) 580-6060
(f) (904) 671-9483
bwilliams@williamslawjax.com
Attorneys for Plaintiff

6